UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Travis Mandell Kemp, *a/k/a Travis Kemp,* | ) ) ) | C/A No. 8:09-2671-TLW-BHH |
| Plaintiff, | ) ) | REPORT AND RECOMMENDATION *for summary dismissal* |
| vs. | ) ) | |
| Travis Anderson; Erick Lewis; Jeromia Atkins; Nicholaus B. Futch; B. Lee Miller, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## Introduction

The plaintiff, Travis Mandell Kemp ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff indicates he is a detainee at the Greenwood County Detention Center (GCDC)[2], and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names several governmental employees as Defendants.[3] Plaintiff alleges that the Defendants conspired to impose an excessive bail. Plaintiff seeks money

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] On November 16, 2009, Plaintiff submitted a notice of address change. (Docket Entry No. 10). In that letter, Plaintiff indicated that, subsequent to the filing of the complaint, he was sentenced to ten (10) years for the offense of "Distribution of Crack Cocaine & Proximity of a Play Ground." Plaintiff was transferred to the South Carolina Department of Corrections (SCDC) on November 10, 2009.

[3] Title 28 U.S.C. § 1915A (a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

1

damages and injunctive relief. The complaint should be dismissed for failure to state a claim upon which relief may be granted.

*Pro Se* Review pursuant to the Prison Litigation Reform Act (PLRA)

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. § 1915(e)(2)(B).

A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). Further, the Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks

redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if the Plaintiff had prepaid the full filing fee, this court is charged with screening the Plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

This court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard, however, a portion of the complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which a plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Factual Background

Plaintiff alleges that, on January 9, 2009, he was arrested and incarcerated in the Greenwood County Detention Center ("GCDC"). Defendant Lewis allegedly stated "that he was going to make sure my bond is set high." Defendant Anderson "took [Plaintiff] to see the judge," who is Defendant Miller. Defendant Miller indicated that Defendant Lewis had requested a high bond due to Plaintiff being a flight risk. However, Plaintiff alleges that he has strong ties to Greenwood County and there is nothing in his history to suggest that Plaintiff should be labeled as a flight risk. Plaintiff's bond was set at $250,000 by Defendant Miller. Plaintiff claims the bond amount is unreasonable and results from a "conspiracy involving the City Police Dept. and the City Municipal Judge." Plaintiff provides no factual information regarding Defendants Atkins and Futch. Plaintiff seeks monetary damages and a restraining order against the Defendants.

Discussion

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

As an initial matter, Plaintiff has previously brought a § 1983 action in this District Court involving these Defendants[4] and asserting nearly identical allegations as the instant complaint. *See Travis Mendell Kemp v. B. Lee Miller, et al.*, Civil Action No. 8:09-2416-TLW-BHH (SCDC).[5] A district court may take judicial notice of materials in the court's own files from prior proceedings. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992)(the district court had the right to take judicial notice of a prior related proceeding). *See also Fletcher v. Bryan*, 175 F.2d 716 (4th Cir. 1949). Therefore, the Court takes judicial notice of Civil Action No. 8:09-2416-TLW-BHH.

As in Civil Action No. 8:09-2416-TLW-BHH, Plaintiff currently alleges that his Constitutional rights have been violated as a result of the Defendants' alleged conspiracy to set an excessively high bond. The issues involved in the complaint *sub judice* are currently being addressed in Civil Action No. 8:09-2416-TLW-BHH. Therefore, this duplicate §1983 complaint should be summarily dismissed in the interests of judicial economy and efficiency. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970)("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient").

Further, even if Plaintiff did not have a duplicate case pending in this Court, several of the Defendants, named in the instant action, would still be entitled to summary

---

[4] Defendant Jeromia Atkins is the only additional Defendant named in the instant pleading.

[5] Orders have been entered in C/A No. 8:09-2416-TLW-BHH, which authorize service of process on all of the Defendants named in that case, except Judge B. Lee Miller.

dismissal.  First, Defendant Miller is alleged to have been the judge who set Plaintiff's bond at $250,000.  Judges have absolute immunity from a claim for damages arising out of their judicial actions unless they acted in the clear absence of all jurisdiction.  *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987) (a suit against two Virginia magistrates); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions").  "'This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction.'" *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005)(citation omitted).  State and federal judges are also immune to requests for injunctive relief.  *See Gilbert v. Ferry*, 298 F.Supp.2d 606, 612 (E.D. Mich. 2003), *aff'd* 401 F.3d 411 (6th Cir. 2005); *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000).  *See also* 42 U.S.C. § 1983 (limiting when injunctive relief may be granted against a judicial officer).

Immunity presents a threshold question, *Harlow v. Fitzgerald*, 475 U.S. 800, 818 (1982), and absolute immunity is "an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).  Defendant Miller's determination of the bond amount for an accused criminal defendant would be considered a normal judicial function.  Even liberally construing the complaint in Plaintiff's favor, Defendant Miller's actions were not taken in the clear absence of all jurisdiction.  Thus, Defendant Miller should be summarily dismissed from this action based upon his entitlement to absolute immunity.

Next, Plaintiff's complaint provides no factual allegations regarding two of the Defendants: Atkins and Futch. In fact, Plaintiff does not even mention these Defendants in the complaint's statement of claim. The complaint's general claims, absent any personal allegations against Defendants Atkins and Futch, are insufficient to state a claim under § 1983. A Plaintiff must affirmatively show that a defendant acted personally in the deprivation of his or her constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). When a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. *See Karafiat v. O'Mally*, No. 02-3992, 2002 WL 31845135, at **1 (6th Cir. Dec. 17, 2002); *Whaley v. Hatcher*, No. 1:08CV125-01-MU, 2008 WL 1806124, at *1 (W.D.N.C. Apr. 18, 2008). Therefore, Defendants Atkins and Futch would also be entitled to summary dismissal from this case, even if the case were not subject to dismissal as a duplicate action.

Recommendation

Accordingly, it is recommended that the District Court summarily dismiss this lawsuit *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

s/Bruce Howe Hendricks<br>United States Magistrate Judge

January 7, 2010
Greenville, South Carolina

**The Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).